UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                  Case No. 2:07-CR-00010

v.                                         Hon. David W. McKeague[1]

WILLIAM HOWARD SCHROEDER,

       Defendant.

_____/

**ORDER DENYING MOTION FOR APPOINTMENT
UNDER THE CRIMINAL JUSTICE ACT**

       The Government charged the Defendant, William Howard Schroeder, with violating several federal statutes covering the labeling of certain foods and drugs. On February 22, 2008, a federal jury acquitted Schroeder of two felony charges and one misdemeanor charge and convicted him on one misdemeanor charge. On June 12, 2008, the court sentenced him to one year of probation, a $500 fine, a $25 special assessment, and 80 hours of community service.

       Schroeder now moves for appointment of his retained defense counsel under the Criminal Justice Act, 18 U.S.C. § 3006A et seq. (the "Act" or "CJA"). He seeks the appointment retroactively, to cover work during his trial and sentencing that exceeded the retainer he had given to his counsel. For the reasons state below, the court will deny the motion.

---

       [1] The Honorable David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

A. **Appointment of Counsel under the CJA**

A criminal defendant who is unable to afford legal counsel is entitled to have one appointed and compensated under the CJA. 18 U.S.C § 3006A(b).  That compensation is currently limited to $7,000 for trial-related proceedings involving felony charges, absent special circumstances. 18 U.S.C. § 3006A(d)(2),(3).  "[T]he Act permits retroactive appointment for 'any representation furnished pursuant to the plan prior to appointment.'" *United States v. Calle*, 178 F. Supp. 2d 309, 310 (E.D.N.Y. 2001) (quoting 18 U.S.C. § 3006A(b)).  "The Act also allows that '[i]f at any stage of the proceedings, including an appeal . . . the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d) . . . .'" *Id*. (quoting 18 U.S.C. § 3006A(c)).

B. **Schroeder's Motion for Retroactive Appointment and Payment**

Schroeder was not deemed indigent at the outset of this criminal action.  He retained private counsel and paid his counsel $12,500, $10,000 for attorney fees and $2,500 for out-of-pocket expenses.  In his motion, he states that his case required extensive pretrial investigation and motion practice, culminating in a four-day trial.  In addition, his counsel expended time preparing for and participating in the post-trial sentencing hearing.  He seeks attorney fees under the CJA in the amount of $12,215, to cover his counsel's fees that exceeded the $10,000 retainer.

Several factors weigh against retroactive appointment and payment under the CJA.  "The person seeking appointment of counsel has the responsibility of providing the court with sufficient and accurate information upon which the court can make an eligibility determination." *Guidelines for the Administration of the Criminal Justice Act and Related Statutes* (the "*Guidelines*") § 2.03(C).

Schroeder asserts that this court previously found him "indigent" when it granted his pretrial motion to appoint an expert under the CJA.  It is true that this court concluded that Schroeder was financially unable to obtain the necessary services of experts (dkt. nos. 14, 44, 83, 94) and to pay witness fees (dkt. nos. 32, 34, 63, 65-66, 68).  Yet, there is a distinction between finding that someone cannot financially afford to obtain counsel versus finding that someone cannot afford to obtain other necessary services, e.g., investigative or expert services.  As stated in Section 3.01 of the *Guidelines*,

> [A] person with retained counsel is financially unable to obtain the necessary services if his resources are in excess of the amount needed to provide him and his dependents with the necessities of life, provide defendant's release on bond, and pay a reasonable fee to his retained counsel, but are insufficient to pay for the necessary services.

Thus, when this court granted Schroeder's motions to appoint an expert under the CJA, it did not find him indigent with regard to his ability to pay defense counsel, but rather indigent with regard to his ability to pay additional monies for an expert.  Schroeder did not file an updated financial affidavit with his current motion; accordingly, all of the evidence of his ability to pay available to the court is from his affidavit in support of his pretrial motions.

While payment under the CJA to a privately retained counsel is not precluded, it is restricted. "No appointed attorney shall accept a payment from or on behalf of the person represented without authorization" from the court. *Id.* § 2.22(F).  In addition, and importantly for this motion, "the combined payment to any one attorney for compensation from both the person represented and the government shall be subject to applicable dollar limitations, unless excess compensation is approved." *Id.*  The time sheet provided to the court lists work for only one attorney, Sarah E. Henderson.  Thus, the combined payment to Henderson between the fee retainer and any CJA

3

payment would be subject to the $7,000 statutory cap; given that the retainer already exceeds the statutory cap, Schroeder is precluded from getting additional funds under the CJA unless he can show that Henderson's representation was "extended or complex" pursuant to 18 U.S.C. § 3006A(d)(3). A review of the proceedings confirms that they were not particularly extended or complex for a federal criminal action.

Furthermore, Schroeder did not seek appointment of counsel under the CJA until after the close of his trial and sentencing. It is generally not appropriate for a court to appoint counsel retroactively after the close of proceedings. *See Calle*, 178 F. Supp. 2d at 310-11 (collecting cases). Here, defense counsel had the wherewithal to seek the appointment of expert witnesses prior to the beginning of trial, but failed to bring to the court's attention any concerns regarding attorney fees, either at that time, during trial, or during sentencing. Only *after* the sentencing hearing did Schroeder come forward with this motion.

Nor would the purpose of the CJA be furthered by granting fees retroactively in this case. "The CJA was enacted to help protect the rights of indigent defendants by ensuring that they are provided adequate legal representation." *Id.* at 310. Schroeder had the resources to obtain not just "adequate representation," but, by all accounts, excellent representation. Henderson undertook the representation with her eyes wide open, knowing the criminal charges her client faced, the possibility of a trial in federal court, and the possibility of a sentencing hearing were her client to be convicted on any count. Whether the retainer would be sufficient to cover all of her fees and, if not, whether her client would have the resources to pay additional fees were risks she assumed. The CJA is intended to protect indigent defendants; it is not intended to make privately retained attorneys whole. *See United States v. Alexander*, 742 F. Supp. 54, 54 (N.D.N.Y. 1990) ("[A]ppointments

under the Criminal Justice Act are made to protect the rights of the indigent accused at trial and on appeal; such appointments are not to be sought or made for the purpose of providing income to attorneys.").

Accordingly, for the reasons set forth above, IT IS ORDERED that Schroeder's "Motion for Appointment under the Criminal Justice Act, 18 U.S.C. § 3006A" is DENIED.

IT IS SO ORDERED.

                                                      /s/ David W. McKeague  
                                                     DAVID W. McKEAGUE  
Date: October   1  , 2008            UNITED STATES CIRCUIT JUDGE